IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**ALLIANCE FUNDING GROUP**                                                       **PLAINTIFF**

**VS.**                                              **CIVIL ACTION NO.** 2:23-cv-170-HSO-BWR

**LANDWORX, LLC; and**
**MATTHEW RILEY**                                                                **DEFENDANTS**

## COMPLAINT

**COMES NOW,** Alliance Funding Group ("Alliance") and files this Verified Complaint against Landworx, LLC ("Landworx") and Matthew Riley ("Riley") (collectively the "Defendants"). In support thereof, Alliance states the following:

### PARTIES

1. Alliance is a California corporation with an address of 17542 17th Street, Suite 200, Tustin, California 92780.

2. Landworx is a limited liability company organized under the laws of the State of Mississippi with its principal office located at 709 East Baylis Chapel Road Columbia, Mississippi 39429. It may be served with process by serving its registered agent, Matthew D. Riley, at 709 East Baylis Chapel Road, Columbia, Mississippi 39429.

3. Riley is an adult resident of Mississippi. He may be served with process at 709 East Baylis Chapel Road, Columbia, Mississippi 39429, or wherever he may be found.

### JURISDICTION AND VENUE

4. This Court has jurisdiction over Riley because he lives in Mississippi, the contracts at issue were signed in Mississippi, and Riley's breaches occurred in Mississippi.

5. This Court has jurisdiction over Landworx because it is a limited liability

company organized under the laws of the State of Mississippi, and, upon information and belief, all of its members are citizens of Mississippi.

6. This Court has subject matter jurisdiction over the dispute under 28 U.S.C. § 1332 because Alliance is diverse from the Defendants, and the amount in controversy exceeds $75,000.00.

7. Venue is appropriate in this District and Division because at least one defendant resides here, and upon information and belief the Equipment (as defined below) is in this District.

## FACTUAL ALLEGATIONS

8. On or about August 20, 2021, Landworx entered into a Lease to Purchase Agreement with Alliance for a Caterpillar 299D2 Track Loader, Serial Number LB300699 (the "Track Loader"), Contract Number 21-13920 (the "Track Loader Contract"). *See* Track Loader Contract, attached as Exhibit A.

9. In conjunction with the Track Loader Contract, Riley entered into a Personal Guaranty with Alliance wherein he personally guaranteed that Landworx would perform all of its obligations under the terms of the relevant agreement. *See* Exhibit A, at p. 1.

10. On or about August 25, 2022, Landworx entered into a Lease to Purchase Agreement with Alliance for a Denis Cimaf Mulcher, Serial Number DAF-180D0400222 (the "Mulcher," and collectively with the Track Loader, the "Equipment"), Contract Number 22-17154 (the "Mulcher Contract," and collectively with the Track Loader Contract, the "Contracts"). *See* Mulcher Contract, attached as Exhibit B.

4863-2070-8747v3
2917212-000024

11. In conjunction with the Mulcher Contract, Riley entered into a Personal Guaranty with Alliance wherein he personally guaranteed that Landworx would perform all of its obligations under the terms of the relevant agreement. *See* Exhibit B, at p. 1.

12. Defendants have breached the Contracts by failing to tender payments to Alliance in the amounts and the times mandated under the applicable Contracts.

13. Alliance previously sent a Notice of Default informing Defendants that by failing to make payments for the Equipment, they were in breach of their contractual obligations under the terms of both Contracts. *See* Notice of Default, attached as Exhibit C.

14. On or about March 21, 2023, Alliance provided Defendants with Notice of Acceleration and exercised its right to declare the entire indebtedness due and owing under the terms of both Contract. *See* Notice of Acceleration, attached as Exhibit D.

15. Due to Defendants' failure to comply with the terms of the Contracts, Alliance repossessed the Track Loader as was its right under the terms of the Track Loader Contract. *See* Exhibit A.

16. As a result of Defendants' breaches of the applicable Contracts, Alliance is entitled to return of the Mulcher, and to a money judgment in the amount of $134,850.32, plus additional attorneys' fees, and costs, which Alliance is entitled to recover pursuant to the Contracts. *See* Account Statements, collectively attached as Exhibit E; *see also* Exhibits A and B, at § 13.

17. Due to Defendants' failure to honor their contractual obligations to make payments, Alliance has been forced to retain counsel and incur expenses. Under the Contracts, Alliance is entitled to reimbursement of those fees and expenses. *See* Exhibits A and B.

4863-2070-8747v3
2917212-000024

## COUNT I:
## BREACH OF THE TRACK LOADER CONTRACT

18. The preceding Paragraphs of the Complaint are incorporated as if they were fully restated here.

19. As detailed in the preceding Paragraphs, Defendants are in default by failing to tender payments to Alliance in the amounts and the times mandated under the Track Loader Contract. *See* Exhibits A, C, and D.

20. As a result of Defendants' breach, Alliance repossessed the Track Loader as was its right under the terms of the applicable contract. *See* Exhibit A.

21. On or about August 3, 2023, Alliance provided Defendants with notice of its intent to sell the Track Loader and specifically informed Defendants that "both Landworx, LLC, as debtor, and Matthew Riley, as guarantor, will remain liable" for any deficiency should the proceeds of the sale be less than the balance owed under the Contract. *See* Notice of Intent to Sell, attached as Exhibit F.

22. The Track Loader was subsequently sold at a public auction for $48,126.00. *See* Exhibit E.

23. As a result of the sale, Alliance issued Defendant a credit in the amount of $48,126.00, leaving a deficiency balance of $58,963.99 for which both Landworx and Riley are liable pursuant to the terms of the applicable contract. *See* Exhibits A and F.

24. Accordingly, Alliance is entitled to a money judgment in the amount of $58,963.99, plus additional attorneys' fees, and costs, which Alliance is entitled to recover pursuant to the Track Loader Contract. *See* Exhibit A, at § 13.

25. All conditions precedent to the bringing of this action have been performed by Alliance or have otherwise occurred.

## COUNT II:
## BREACH OF THE MULCHER CONTRACT

26. The preceding Paragraphs of the Complaint are incorporated as if they were fully restated here.

27. As detailed in the preceding Paragraphs, Defendants breached the Mulcher Contract by failing to tender payments to Alliance in the amounts and the times mandated under the Mulcher Contract. *See* Exhibits B, C, and D.

28. As a result of Defendants' failure to comply with their contractual obligations, Alliance is entitled to a money judgment in the amount of $75,886.33, plus additional attorneys' fees, and costs, which Alliance is entitled to recover pursuant to the Mulcher Contract. *See* Exhibit B, at § 13.

29. In the event that Alliance is able to repossess the Mulcher, it will attempt to sell the Mulcher, or lease it to someone else, and grant Defendants a credit in the amount that results from such sale or lease.

30. If its sales/leases of the Mulcher generate less than Defendants owe, Alliance is entitled to recover any deficiency from Defendants.

31. All conditions precedent to the bringing of this action have been performed by Alliance or have otherwise occurred.

## COUNT III:
## BREACH OF GUARANTIES

32. The preceding Paragraphs of the Complaint are incorporated as if they were fully restated here.

33. As detailed in the preceding paragraphs, Riley entered into separate Personal Guaranties with Alliance wherein he personally guaranteed that Landworx would perform all

4863-2070-8747v3
2917212-000024

of its obligations under the terms of the applicable Contracts. *See* Exhibits A and B, at p. 1.

34. Riley has breached the terms of the respective Contracts by failing to tender payments to Alliance in the amounts and the times mandated under the applicable Contracts.

35. Alliance is therefore entitled to monetary damages in the amount of $134,850.32, together with all other amounts due at the time of judgment, plus additional attorneys' fees, and costs, which Alliance is entitled to recover pursuant to the Contracts. *See* Exhibits A and B, at § 13.

36. All conditions precedent to the bringing of this action have been performed by Alliance or have otherwise occurred.

**WHEREFORE,** Alliance demands judgment against Defendants, jointly and severally, in the amount of $134,850.32, together with all other amounts due and owing under the Contracts, without limitation, accruing interest, all attorneys' fees and court costs incurred by Alliance in enforcing its rights under the Contracts, and all other legal and equitable relief the Court deems proper and just.

This the 8th day of November, 2023.

Respectfully submitted,

ALLIANCE FUNDING GROUP

By Its Attorneys,

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.

By: _____
FREDERICK N. SALVO, III

**OF COUNSEL:**

Frederick N. Salvo, III (MS Bar No. 100419)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
MAILING: Post Office Box 14167
Jackson, Mississippi 39236-4167
PHYSICAL: One Eastover Center
100 Vision Drive, Suite 400
Jackson, Mississippi 39211-6391
TELEPHONE: (601) 351-2400
FACSIMILE: (601) 351-2424
fsalvo@bakerdonelson.com

*Attorney for Alliance Funding Group*

4863-2070-8747v3
2917212-000024